UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS AVERY STAPLE,

        Petitioner,

v.                                            Case Number: 07-12542
                                                Honorable Denise Page Hood

SHIRLEE HARRY,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING PETITIONER'S MOTION
TO STAY HABEAS CORPUS PROCEEDINGS
AND ADMINISTRATIVELY CLOSING CASE**

**I.    INTRODUCTION**

Petitioner Marcus Avery Staple, a state inmate currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. **[Docket No. 1, filed June 14, 2007]**. Petitioner was convicted, following a jury trial in the Wayne County, Michigan, Circuit Court, for (1) felony murder, MICH. COMP. LAWS § 750.316, (2) second-degree murder, MICH. COMP. LAWS § 750.317, and (2) felony firearm, MICH. COMP. LAWS § 750.227b. Before the Court now is Petitioner's motion requesting that this Court stay his habeas-corpus proceedings until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. **[Docket No. 10, filed Nov. 5, 2008]**

In his motion, Petitioner claims that he has recently discovered issues that were not presented to the state courts: (1) a cause-and-prejudice argument regarding ineffective assistance of counsel,

(2) intoxication and self-defense arguments regarding the actual crime and, (3) an ineffective-assistance-of-appellate-counsel argument. Petitioner is asking the Court's permission to return to state court to exhaust those issues. For the reasons set forth below, the Court **GRANTS** Petitioner's motion and therefore stays the habeas-corpus proceedings so that he may return to state court to exhaust those claims.

## II.    STATEMENT OF FACTS

Following a jury trial in Wayne County, Michigan, Circuit Court, the Honorable Timothy M. Kenney presiding, Petitioner was convicted of the above-stated crimes and was sentenced to (1) life imprisonment for the felony-murder conviction, (2) forty-five-to-ninety-years imprisonment for the second-degree-murder conviction and, (3) the mandatory two-year imprisonment for the felony-firearm conviction.

Petitioner, through counsel, filed an appeal of right with the Michigan Court of Appeals, presenting the following claims:

> I.   [Petitioner] was denied his state and federal constitutional right to the effective assistance of counsel where trial counsel failed to remove two jurors from the panel.
>
> II.  The trial court erred reversibly in refusing to instruct on the defense of accident, requiring reversal of [Petitioner's] convictions.
>
> III. Where [Petitioner] was convicted of first-degree-felony murder, his separate conviction for second-degree murder must be vacated as violative of his constitutional protection against double jeopardy.

On September 17, 2002, the Michigan Court of Appeals, in an unpublished *per curiam* opinion, affirmed Petitioner's convictions and sentences regarding the first two issues but

vacated the conviction and sentence for second-degree murder, issue number III. *People v. Staple*, No. 231239, 2002 WL 31082142, 2002 Mich. App. Lexis 1310 (Mich. Ct. App. Sept. 17, 2002).

Subsequently, Petitioner filed an application for leave to appeal from that decision with the Michigan Supreme Court, which was denied on March 31, 2003. *People v. Staple*, 468 Mich. 875, 659 N.W.2d 237 (Mich. 2003). On August 20, 2003, Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500 *et. seq.*, raising the following:

> I. The prosecution's failed (sic) to turn [the] recorded copy of [the] 911 tape to trial counsel after a standing order of discovery had been entered before trial [denied Petitioner his constitutional rights to a fair trial].
>
> II. [Petitioner] was denied the effective assistance of counsel at the trial stage where trial counsel failed to secure the 911 tape which would have allowed a valid defense because it would dispute the prosecutor['s] theory.
>
> III. Trial counsel was also ineffective for failing to investigate or interview the person who boarded up the door who could tell what condition the glass was in:
>
>> a. Counsel was ineffective for not securing the clothing of the decedent to insure that there was close range firing to allow a valid defense.
>>
>> b. Counsel failed to present expert medical examiner [testimony] to insure that the state medical examiner's examination of the path of the bullet was accurate to a person standing over another person.
>
> IV. [Petitioner's] conviction and sentence are void or voidable because the cumulative errors of both trial and appellate counsel, as well as all other errors that occurred in this case, served to deny [Petitioner] his Fifth, Sixth, and Fourteenth United States Constitutional rights to due process, equal protection, and a fair trial.

The trial court denied Petitioner's motion on September 21, 2004, and his motion for

reconsideration on October 14, 2004. *People v. Staple*, No. 00-2628 (Wayne County Circuit Court, Sept. 21, 2004); *People v. Staple*, No. 00-2628 (Wayne County Circuit Court, Oct. 14, 2004).

Thereafter, Petitioner filed an application for leave to appeal the trial court's decisions with the Michigan Court of Appeals, which was denied on March 16, 2006. *People v. Staple*, No. 264115 (Mich. Ct. App. Mar. 16, 2006). Petitioner then filed an application for leave to appeal the court of appeals' decision with the Michigan Supreme Court, which was denied on October 31, 2006. *People v. Staple*, 477 Mich. 907, 722 N.W.2d 815 (Mich. 2006).

Petitioner filed the present petition for a writ of habeas corpus on June 14, 2007.

## III.   LAW AND ANALYSIS

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal-constitutional issues in the state courts before raising those claims in a federal-habeas-corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 144 L. Ed. 2d 1, 119 S. Ct. 1728 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987)(holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts

before seeking federal-habeas-corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002)(citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973)). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* M.C.R. 6.508(D)(3). However, he would have to make a similar showing here, if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).

A federal district court has the authority to abate or dismiss a federal-habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas-corpus petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings

on the remaining claims pending exhaustion of state-court remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal-habeas relief due to the application of the one-year statute of limitations. *Id*. at 275-76. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

In this case, Petitioner has shown the need for a stay. It appears from Petitioner's pleadings that he has new evidence regarding his claims and therefore those claims should be addressed to, and considered by, the state courts in the first instance, so the state courts will have an opportunity to decide whether those claims, with the new evidence obtained, have merit. The Court recognizes that the one-year limitations period applicable to this habeas action does not pose a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Nevertheless, the Court finds that Petitioner would be better served if he perfected his petition through all avenues before seeking this Court's assistance, and consequently finds a stay appropriate.

Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims. The Court shall stay the petition until

Petitioner has exhausted available state-court remedies. *See Palmer*, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting his state-court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *Id*. Petitioner must present his claim in state court within sixty (60) days from the date of this Order. *Id.* Further, he must ask this Court to lift the stay within sixty (60)days of exhausting his state-court remedies. *Id.* "If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781 (internal quotation omitted).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that further proceedings in this case are stayed pending exhaustion of state-court remedies. The case shall be stayed provided that (1) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-court remedies.

**IT IS FURTHER ORDERED** to avoid administrative difficulties, that the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: January 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record and Marcus Staple, No. 168835, 2400 S. Sheridan, Muskegon, MI 49442 on January 29, 2009, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager