UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS AVERY STAPLE,

        Petitioner,        Case Number: 07-cv-12542

v.        Honorable Denise Page Hood

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING REQUEST TO REOPEN HABEAS CASE AND DEEMING ATTACHED AMENDED PETITION AS FILED, (2) DIRECTING CLERK OF COURT TO REOPEN CASE, (3) DENYING MOTION FOR APPOINTMENT OF COUNSEL AND
(4) DENYING MOTION FOR AN EVIDENTIARY HEARING**

On June 14, 2007, Petitioner filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, regarding his convictions and sentences for felony murder, second-degree murder, and felony firearm. In his *pro se* pleadings, Petitioner asserted the following claims: (1) ineffective assistance of trial counsel; (2) failure to properly instruct the jury; (3) prosecutorial misconduct; and (4) cumulative effects of trial errors. Subsequently, on June 25, 2007, the Court ordered Respondent to answer the petition by August 27, 2007 [Dkt. # 4]. Respondent filed his answer on August 22, 2007 [Dkt. # 7]. Following, on September 20, 2007, Petitioner filed a motion requesting an enlargement of time in which to file his reply brief, which the Court granted. Petitioner then requested a stay so that he could return to state court to exhaust certain claims. On January 29, 2009, the Court granted Petitioner's request.

Pending before the Court is Petitioner's request to reopen his habeas case, filed on May 26, 2010. Petitioner's motion is entitled "Motion for Relief From Judgment Pursuant to Title 28 USC Rule 60(b)." However, the Court will construe the motion as a request to reopen his habeas

proceedings. Petitioner also filed motions for appointment of counsel and for an evidentiary hearing along with his request.

For the reasons stated below, the Court will lift the stay, and reopen Petitioner's habeas proceedings. The Court will further order Respondent to file any supplemental pleadings, if he so desires, along with the Rule 5 materials, which have not been filed, within thirty (30) days of this order. The Court will also deny Petitioner's request for appointment of counsel and for an evidentiary hearing.

## I. Request to Reopen Case

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F.Supp.2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F.Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner is alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court also grants Petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999) (citing Fed.R.Civ.P. Rule 15). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-342 (6th Cir. 1998).

The Court will permit Petitioner to amend his petition, because there is neither any indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on Petitioner's part in bringing the motion. The Court also finds that there is no prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F.3d 308, 313

(10th Cir. 1994).

Accordingly, the Court will order that Petitioner's habeas proceedings be reopened, and the amended habeas petition filed with the Court on May 26, 2010 is deemed filed.

## II. Motion for Appointment of Counsel

The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003), *reh. denied*, 539 U.S. 970 (2003). There exists no constitutional right to the appointment of counsel in habeas cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines, after careful consideration, that the interests of justice do not require appointment of counsel at this time.

Accordingly, Petitioner's motion for appointment of counsel is denied.

## III. Motion for an Evidentiary Hearing

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make

such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F.Supp.2d 547, 549 (E.D. Mich. 1999). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F.Supp.2d 554, 560 (M.D. Pa. 1998).

Against that backdrop, the Court denies Petitioner's motion for evidentiary hearing without prejudice. The Court finds that Petitioner failed to provide the necessary evidence that an evidentiary hearing would shed new light on the question of prejudice regarding his ineffective assistance of counsel claims. Additionally, the Court finds that the legal claims asserted in Petitioner's habeas petition can be resolved without the taking of additional evidence. *Lynaugh*, 873 F.2d at 840; *Sanders*, 3 F.Supp.2d at 560. However, if the Court determines, at a later time, that an evidentiary hearing is necessary, it will reconsider Petitioner's motion. Petitioner need not file any additional motions regarding this issue.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's request to reopen the case is **GRANTED**. (Dkt. # 13.) Petitioner's amended petition is deemed filed. (Dkt. # 16.) The Clerk of Court is directed to **REOPEN** this matter.

**IT IS FURTHER ORDERED** that Respondent may file a supplemental answer, if he so

desires. The Court also **ORDERS** Respondent to file the necessary Rule 5 materials, which have not been filed, within thirty (30) days from the date of this order, in accordance with Rule 5, Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel [dkt. # 14] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner motion for an evidentiary hearing [dkt. # 15] is also **DENIED WITHOUT PREJUDICE**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 24, 2010

I hereby certify that a copy of the foregoing document was served upon Marcus A. Staple, Reg. No. 168835, Carson City Correctional Facility, 10522 Boyer Rd., Carson City, MI 48811 and counsel of record on August 24, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager